THE SEA LARK.[1]

HUDGINS et al. v. THE SEA LARK.

(*District Court, E. D. Virginia.* January 14, 1888.)

ADMIRALTY—DECREE—SUBSEQUENT CLAIM.
    When the time fixed by the rules of court for making defense has elapsed, and the libel has been taken for confessed, but the formal decree of condemnation and sale has not been entered, on account of the absence of the judge, any maritime claimant who comes in by petition subsequent thereto, does so subject to the libel, and cannot be paid till the libelant is paid in full, although his claim was originally prior to the libel in dignity.

In Admiralty.

Libel by Hudgins and Hurst for the cost of sails furnished the sloop Sea Lark. The question at issue is whether the claim of libelants should have priority over the claim of one Mitchell, a seaman, for wages accruing prior to the claims of libelants.

*Whitehurst & Hughes,* for libelants.

*W. A. Swank,* for the seaman.

HUGHES, J. The libelants, having a claim of $63 for sails furnished the Sea Lark in January, 1887, filed a libel and issued process of arrest on the twenty-second of December, last. The libel was duly served, and

[1] Reported by Robert M. Hughes, Esq., of the Norfolk bar.

a sale of the vessel has been ordered. By admiralty rule 156 of this court, it is provided that under the requirements of general rule 29 in admiralty, prescribed by the supreme court of the United States, the answer of the claimant or of any respondent in a libel suit must be filed with the clerk at the return-day of the process, or within ten days thereafter. And rule 154 of this court provides that "in every libel *in rem* process of monition shall be made returnable on Tuesday of the week next after the filing of the libel." In the present case, process issued on the twenty-second of December, was duly served, and was returned on Tuesday, the twenty-seventh of the same month. All claims against the sloop, whether by answer, petition, or otherwise, should have been filed on the 27th, or within the next 10 days following, up to and including January the 6th. In point of fact, no answer or petition was filed, and the case matured as to the libelant; and if the judge of the court had been in Norfolk, a decree could have been taken as of right by the libelant. The judge, however, was absent on the sixth January, holding court at Alexandria; and the case which had matured stood over, under rule 32 of this court, until he should be in Norfolk. On the seventh January, one Mitchell, who had been an employe as cook on the Sea Lark, but had left her in August last, filed a petition in this cause, claiming wages for six months antecedent to his leaving the sloop, at $20 per month. As the sloop will not sell for enough money to pay both claims, the question at this stage of the cause, before sale, is raised and argued by counsel, whether the claim of this Mitchell, who was once a seaman on the sloop, will have priority over the claim of the libelants, who supplied her with sails. To say nothing of the greater or less staleness of Mitchell's claim, I think the claim of the libelant against this sloop became vested as against those of all other creditors of the vessel on the sixth of January, when he became entitled to a decree. Before libels are filed, the claims against ships for maritime services of seamen or other classes of creditors are not of the nature of liens at common law. These creditors merely possess the privilege of proceeding against the vessel herself as a debtor, and of arresting and holding her for their claims. After the issuing of process, arrest of the vessel, and time given for claimants and other creditors to come forward and file their claims, and the libel suit thereby matures for hearing, then, and not before, do the rights of the libelant in the vessel become vested and operate as a lien for such amount as may be decreed by the court. If the claimant does not answer, and other creditors do not prefer their claims within the period of 10 days allowed by the court for that purpose, then the case matures in favor of the libelant as against all the world; and those having claims against the vessel who come in afterwards, come in, in every case, subject to the claim of the libelant. Their petitions filed subsequently to the maturing of the libel do not affect the lien of the libelant for the amount decreed. The rules of priority as between maritime claims, though binding as between other claimants, do not affect him. He is protected by his matured libel, and by the rule much respected in admiralty courts, *vigilantibus non dormientibus jura subveniunt.*